## UNLANDHERM v. PARK CONTRACTING CORPORATION et al.

District Court, S. D. New York.

June 18, 1940.

Blair, Curtis, Dunne & Hayward, of New York City (Daniel L. Morris and James L. Black, Jr., both of New York City, of counsel), for plaintiff.

Jacob I. Goodstein, of New York City (Jacob I. Goodstein and Thomas J. Byrne, both of New York City, of counsel), for defendant Park Contracting Corporation.

William C. Chanler, of New York City (George H. Mitchell and John W. Mac-Leod, both of New York City, of counsel), for defendant City of New York.

COXE, District Judge.

This is a suit for alleged infringement of the two Caccia patents, Nos. 2,059,774 and 2,077,353, for methods for constructing subways. Patent No. 2,059,774 was issued on November 3, 1936, on an application filed on April 3, 1936; patent No. 2,077,-353 on April 13, 1937, on an application filed on November 2, 1936. Claims 5, 7, 11, 16, 17 and 20 of Patent No. 2,059,774, and Claim 1 of Patent No. 2,077,353, are in issue.

The principal defenses are invalidity and lack of infringement.

The first patent, No. 2,059,774, discloses a method of constructing a subway in rock beneath an elevated railway structure, which, generally speaking, has two main features, namely, (1) the progressive removal of the columns supporting the elevated railroad structure, and the substitution in their place of temporary steel columns carried to subgrade; and (2) the attaching to these new columns of longitudinal and transverse girders to support the street decking during the course of construction.

The second patent, No. 2,077,353, shows an alternate method, by which, in place of the new supporting columns of the elevated railway structure extending to subgrade, the original elevated railway columns are left in place and merely carried by column extensions to subgrade.

It is conceded that it was old to underpin elevated railway columns by means of concrete piers carried to subgrade. This was done in the subway construction in Fulton Street, Brooklyn, in 1929, and Caccia admitted that he inspected the work there during the course of construction. It cannot be maintained, therefore, that there was any invention in carrying the supports to the elevated railway structure down to subgrade by means of new columns or extensions to the old columns.

The plaintiff insists, however, that it constituted invention to support the street decking by means of longitudinal and transverse girders attached to the new columns. Caccia testified that when he inspected the Fulton Street operation in 1929 this very method of supporting the street decking was discussed with one of the engineers in charge of the construction, and he was told that the Interborough engineers would not allow the street decking to be hung on the concrete piers. He admitted frankly, though, that it was an obvious thing to have done if the necessary permission had been obtained from the Interborough Company.

I think it is perfectly clear from the evidence that the idea of attaching the supports for the street decking to the temporary supports for the elevated columns was not new with Caccia. This is shown not only by the 1931 contract book for the 6th Avenue subway, but was actually performed in 1931 in the Philadelphia subway construction designed by Swaab. The reason the method was not followed in subway construction in New York prior to the actual construction of Section 9 of the 6th Avenue subway was the well known attitude of the engineers of the Interborough Company, requiring the elevated

railway structure to be supported independently of the street decking. When this attitude changed, as it did in 1936 with respect to Section 9 of the 6th Avenue subway, the method was at once applied. It required only engineering skill to determine the manner in which the supports for the street decking should be attached to the temporary supports for the elevated columns.

I hold, therefore, that all of the claims of the two Caccia patents in issue in the suit are invalid for lack of invention.

There may be a decree in favor of the defendants, holding Claims 5, 7, 11, 16, 17 and 20 of the Caccia patent No. 2,059,774 and Claim 1 of the Caccia patent No. 2,-077,353 invalid for lack of invention, and dismissing the complaint with costs.